Carr, J.
A question was raised at the bar, upon the statute giving the scire facias to revive personal actions, for or against the representatives of plaintiff or defendant dying pending the action,—whether, when the deceased defendant’s representative appears upon scire facias executed, or without a scire facias, he may plead any matter which he might have pleaded, if the action had been originally brought against him,—or whether he can only plead such matter as his testator or intestate, if living, could have pleaded, in the actual state of the cause ? But I do not think this question necessarily involved in the opinion given by the circuit court in this case; nor do I understand the circuit court to have refused to permit the defendant to plead the new plea, upon its view of the bearing of that statute on the case. The defendant had had an opportunity of offering any new plea he thought proper, as early as October term 1824, when the scire facias was returned *329 executed on him. He obtained leave to file the plea of the statute of limitations at October term 1825 ; but he neglected to avail himself of that leave. At March term 1826, when the cause was called for trial, he again asked leave to put in the plea. It was objected to by the plaintiff’s counsel, on the ground that the admission of it would inevitably cause delay. And the court decided, under these circumstances, that the plea ought not now to be received ; shewing, that it was not the nature of the plea, but the time and circumstances under which it was offered, that formed, with the court, the ground for the rejection of it. I think it was a good and sufficient ground, and that the judgment should be affirmed.
Tucker, P.
I agree with Mr. Johnson in his interpretation of the statute regulating the proceedings upon a scire facias to revive; By that statute it is provided, that upon the appearance of the executor, he shall be at liberty to plead every such plea as the deceased party might or could have pleaded, if he had lived. Construing the statute according to its letter or its spirit, it is equally clear to me, that Clofton's administrator could not at March term 1826, have been entitled to plead any plea (except one appropriate to his representative character) which his testator would not have been entitled to plead at that term, had he been then living. The words of the statute clearly imply nothing more. Its object was to place the representative, as to the defence of the action, precisely in the place and stead of the testator or intestate. It did not design to rip up the whole proceedings during the decedent’s lifetime, and to let in the representative to plead matter, which his testator or intestate himself had forfeited the right to plead; for this would have not only added to those delays which it was the avowed object of the statute to prevent, but would unjustly have given to the defen *330 dant’s representative a right to embarrass the plaintiff by dilatory and sham pleas, which could not have availed his testator after he had once pleaded to issue. Thus, if the construction contended for on the part of the appellant be correct, the representative upon his appearance would have been entitled to plead in abatement, or to the jurisdiction of the court, although his testator had precluded himself from those objections by pleading to issue. This cannot be the design of the statute. It was not intended to give him liberty to plead what his testator, had he lived, would not have been received or allowed to plead.
Would Clopton himself, if he had lived, have been allowed to plead the statute of limitations at March term 1826, eight years after he had rested his defence upon the plea of non assumpsit alone ? No precedent, I think, could be found for such indulgence. Though the statute of limitations is a fair plea, and does not merit the frowns of the court, yet, in all fairness, he who intends to rely upon it, should announce that determination with reasonable promptness, that his adversary may not lose the benefit of any testimony he may have to contradict it. It cannot be said that eight years delay was not unreasonable; nor do I think it would have been proper to have allowed the plea, since after such a lapse of time the plaintiff may be presumed to have lost his testimony. The statute is made to protect defendants against the possible loss of their evidence ; and the practice should at least afford some protection to plaintiffs against the same hazards. There is no error in the judgment.
Cabell, J. I concur in the opinion of the president.
Judgment affirmed.